IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA | : | |
| --- | --- | --- |
| | : | |
| v. | : | 3:CR-17-257 |
| | : | |
| ANTHONY FRANK ANGELI, JR., | : | |
| | : | |
| Defendant | : | |
| | : | |

### BRIEF IN SUPPORT OF MOTION OF DEFENDANT, ANTHONY FRANK ANGELI, JR., FOR BILL OF PARTICULARS

**AND NOW** comes the Defendant, ANTHONY ANGELI, by his attorney, Christopher T. Powell, Esquire of POWELL LAW, 527 Linden Street, Scranton, Pennsylvania, 18503, and submits this Brief in support of his Motion for Bill of Particulars, as follows:

The Defendant, ANTHONY ANGELI, respectfully filed a Motion for Bill of Particulars pursuant to Rule 7(f) of the Federal Rules of Criminal Procedure directing the Government to furnish Defendant with a Bill of Particulars providing the information requested in his Motion to the extent the Government has, or by the exercise of due diligence, may obtain such information.

*I.*   *PROCEDURAL HISTORY OF CASE AND STATEMENT OF FACTS.*

On August 29, 2017, a federal grand jury returned a 1-Count Indictment against Defendant, ANTHONY ANGELI, charging him with a violation under §18 U.S.C § 2261A.

*STATEMENT OF QUESTION INVOLVED.*

Whether the District Court should grant the Defendant's Motion and order the Government to provide a full Bill of Particulars as requested therein and disclose with specificity the manner and circumstances surrounding the indictment and specific paragraphs in the indictment?

In the present case, Defendant is requesting specific facts or allegations as to the proof that

supports the charge of Stalking with the intent to harass or intimidate another person. Further, specific facts of how he placed this other person under surveillance with the specific intent to harass and intimidate. The means of knowing how the Defendant used the mail to intentionally cause substantial emotional distress to a person. The means of knowing how the Defendant used an interactive computer service to intentionally cause substantial emotional distress to a person. The means of knowing how the Defendant used an interactive computer service and/or an electronic communication service and/or an electronic communication system of interstate commerce to engage in a course of conduct that caused or attempted to cause substantial emotional distress.

Under 18 U.S.C. § 2261A, specifically in the Stalking provisions, this Motion for Bill of Particulars is to attempt to state what travels in interstate commerce or foreign commerce the Defendant made with the intent to kill, injure, harass or intimidate another person. Further, how these attempts caused emotional distress to a person described in clause (i), (ii) or (iii) contained in paragraph (1)(A).

## II.   *ARGUMENT.*

Defendant's Motion for Bill of Particulars must be granted. Rule 7 of the Federal Rules of Criminal Procedure indicates a more liberal approach to the granting of a bill of particulars for a defendant. In this case, it remains vague and ambiguous regarding key elements of the crime and how it was committed. Consequently, the Defendant's Motion should be granted pursuant to F.R.Cr.P. 7, as well as the Fifth and Sixth Amendments of the United States Constitution and the Government must be ordered to provide the Defendant with the requested Bill of Particulars.

Whether to grant a bill of particulars is within the sole discretion of the Trial Court. See U.S. v. Chavez, 845 F.2d 219, 220 (9th Cir. 1988). The test in ruling on such a motion is whether

deprivation of the information sought will render the defendant unable to adequately prepare a defense, avoid surprise, or avoid later risking double jeopardy, also, not causing a delay in the trial. U.S. v. Addonizio, 451 F.2d 49, 63-65 (3rd Cir. 1972).

In applying this standard, the Honorable Court must consider the liberalized standard found in Rule 7. The liberalizing effect of the 1966 amendment to Rule 7 has been commented upon by Judge Hewitt of the Eastern District of Pennsylvania in U.S. v. Wynn, 54 F.R.D. 72 (E.D. Pa. 1971) and Judge Masterson in U.S. v. Palmisano, 273 F. Supp. 750 (E.D. Pa. 1967), both of whom noted the intent of the draftsman to liberalize the granting of a bill of particulars. These decisions have been approved by the Court of Appeals for the Third Circuit in U.S. v. Addonizio, 451 F.2d 49 (3rd Cir. 1972):

> The 1966 amendment to Rule 7(f), F.R.Cr.P., eliminating the requirement that cause be shown before a bill of particulars may be ordered is "designed to encourage a more liberal attitude by the Courts towards Bills of Particulars without taking away the discretion which courts must have in dealing with such motions and individual cases." Notes Advisory Committee on Rules, 18 U.S.C. Rule 7(f). The net result of the change seems to have been to increase the instances in which particulars are granted thus contributing to a desirable decline in the 'sporting theory' of criminal justice. United States v. Jaskiewicz, 278 F. Supp. 525 (E.D.Pa. 1968).

Moreover, in U.S. v. Manetti, 323 F. Supp. 683 (D.C. Del. 1971), Judge Stapleton observed:

> One further thing seems clear in the cases of the 1966 amendment to Rule 7(f). In the gray areas, the doubt must be resolved in favor of disclosure and the conflicting concerns must yield to paramount public interest in affording the accused a reasonable foundation for mounting a defense.

Consequently, any doubt concerning the necessity of a bill of particulars in this case should be resolved in favor of ordering its production because of the "paramount public concern" discussed by Judge Stapleton which is grounded in the Sixth Amendment.

Accordingly, the mere facial sufficiency of an indictment is not a basis to deny a request for particulars. U.S. v. Smith, 16 F.R.D. 372 (W.D. Mo. 1974). To the contrary, the proper

purposes of a bill of particulars are to inform the defendant of the exact nature of the charges against him, to enable him to adequately prepare for trial, to avoid prejudicial surprise during trial and to protect the defendant against a second prosecution for an inadequately described offense. *See*, U.S. v. Rosa, 891 F.2d 1063 (3rd Cir. 1989), U.S. vs. McDade, 827 F.Supp. 1153, 1187 (E.D.Pa. 1993) *citing* U.S. v. Addonizio, 451 F.2d 49, 64 (3rd Cir. 1972), *cert. denied*, 405 U.S. 936 (1972).

When a charging document lacks sufficient particularity to allow a defendant to prepare a defense, the defendant's ability to confront adverse witnesses and to use a compulsory process is seriously inhibited. His right to due process is clearly implicated and prejudice ensues. Under Addonizio, *supra.*, the Government cannot shield information to which the Defendant is legitimately entitled under a banner that the furnishing of such information has the incidental effect of revealing evidence. Nor can the Government shield legitimately sought information on the ground that it discloses the prosecutor's "theory." U.S. v. Steele, 685 F.2d 793, 802 (3rd Cir. 1982). To avoid such a violation of the defendant's constitutional rights, a bill of particulars must be ordered when requested even though the disclosure may require "the furnishing of information which in other circumstances would not be required because it is evidentiary in nature" because the defendant's entitled to the same "as a right." U.S. v. Gypsum, 37 F. Supp. 398, 402 (D.D.C. 1941). *See also*, U.S. v. Davidoff, 845 F.2d 1151, 1154 (2nd Cir. 1988) *quoting* U.S. v. Bortnovsky, 820 F.2d 572, 574 (2nd Cir. 1987) (A bill of particulars is "appropriate to permit a defendant to identify with sufficient particularity the nature of the charge against him, thereby enabling defendant to prepare for trial, to prevent surprise, and to interpose a plea of double jeopardy should he be prosecuted for the same offense."); U.S. v. Dicesare, 765 F.2d 890, 897 (9th Cir. 1985) "bill of particulars is appropriate when the indictment is insufficient to permit

the preparation of an adequate defense."; U.S. v. Giese, 597 F.2d 1170 (9th Cir. 1979) Among the functions a bill of particulars serves is "to enable [a defendant] to plead his acquittal or conviction in bar of another prosecution for the same offense when the indictment itself is too vague and indefinite for such purpose".

In other similar cases, courts have required the government to provide a detailed bill of particulars and have held it an abuse of discretion to deny a request for a bill of particulars. *See also*, U.S. v. Davidoff, 845 F.2d 1151 (2nd Cir. 1988); U.S. v. Best Way Disposal Corp., 681 F.Supp. 1027 (W.D.N.Y. 1988); U.S. vs. Earnhart, 683 F. Supp. 717 (E.D. Ark. 1987); U.S. v. Bailey, 689 F. Supp. 1463 (N.D.Ill. 1988).

All of these purposes will be served by ordering that a bill of particulars be produced in this case. In view of the Indictment in this case as discussed in the Motion and the authority cited herein, the Defendant believes it would be an abuse of discretion to deny him a Bill of Particulars.

Respectfully submitted,

**POWELL LAW**

*/s / Christopher T. Powell, Jr., Esquire*
Christopher T. Powell, Jr., Esquire

ATTORNEY FOR DEFENDANT,
ANTHONY FRANK ANGELI, JR.

527 Linden Street
Scranton PA 18503

570.961.0777