UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA | : | |
| --- | --- | --- |
| | : | No. 3:CR-17-257 |
| v. | : | |
| | : | |
| ANTHONY FRANK ANGELI, JR., | : | (JUDGE MANNION) |
| | : | |
| Defendant | : | |

# GOVERNMENT'S BRIEF IN OPPOSITION TO DEFENDANT'S REQUEST FOR BILL OF PARTICULARS

The United States of America, by and through the undersigned counsel, files this response in opposition to the defendant's request for bill of particulars and in support avers as follows:

The Government opposes defendant's request for bill of particulars because the indictment and the discovery provided sufficiently state the essential facts constituting the offense charged.

## PROCEDURAL HISTORY

On August 29, 2017, a Grand Jury sitting in the Middle District of Pennsylvania returned an indictment charging the defendant, Anthony Frank Angeli, Jr., with one count of stalking, 18 U.S.C. § 2261A(2)(B).

The defendant was arraigned and pleaded not guilty to the indictment on September 7, 2017.

On September 12, 2017, defendant filed the current motion to compel the government to provide a bill of particulars. (Doc. 11). On September 13, 2017, discovery was hand delivered to defense counsel's office, which included a lengthy affidavit supporting a search warrant application and a report detailing the defendant's statement to law enforcement agents.

## ARGUMENT

An indictment must allege "a plain, concise, and definite written statement of the essential facts constituting the offense charged." Fed. R. Crim. P. 7(c). However, the indictment need not "include every fact to be alleged by the Government." *United States v. Moyer*, 674 F.3d 192, 203 (3d Cir. 2012). The Government is not required to furnish a "detailed exposition of its evidence or to explain the legal theories upon which it intends to rely at trial." *United States v. Delle Donna*, 552 F.Supp. 2d 475, 498 (D.N.J. 2008) (quoting *United States v. Burgin*, 621 F.2d 1352, 1359 (5th Cir. 1980)).

It is axiomatic that a bill of particulars may not be used merely as a discovery device to acquire evidentiary details of the Government's case or its theories. *United States v. Smith*, 776 F.2d 1104, 1111 (3d Cir. 1985). "In ruling on a request for a bill of particulars, the court should consider all information that has been disclosed to the defendant in the course of the prosecution, whether or not included in the indictment." *United States v. Hayes*, 2007 WL 3085998, at *1 (M.D. Pa. Oct. 19, 2007) (Kane, J.) (citing *United States v. Kenny*, 462 F.2d 1205, 1212 (3d Cir.1972)). District courts should exercise their discretion to grant a bill of particulars only when omissions from the combined indictment and discovery "significantly impair[] the defendant's ability to prepare his defense or [are] likely to lead to prejudicial surprise at trial." *United States v. Urban*, 404 F.3d 754, 772 (3d Cir. 2005). The Third Circuit has held that the purpose of a bill of particulars is not to compel the Government to "weave the information at its command into the warp of a fully integrated trial theory for the benefit of the defendants." *United States v. Addonizio*, 451 F.2d 49, 64 (3d Cir. 1972).

Here, the indictment notifies the defendant of the period of time involved, the specific statute he is alleged to have violated, the elements

of the charge and that there was a protection from abuse order in place at the time of the course of conduct which provides for an enhanced penalty.

The twenty-six page affidavit in support of the application for the search warrant sets forth, in detail, the specific manner and circumstances surrounding the indictment. The affidavit includes quotes from some of the harassing text messages and email messages sent by the defendant, as well as the exact dates and times they were received. Two separate tracking devices placed on the victim's motor vehicle and their connection to interstate commerce are also described in the affidavit. The forensic analysis of the electronic devices seized during the execution of the search warrant has not been completed by the computer crime lab to date, but the information will be provided to the defendant when available.

The discovery materials include an FBI report of the interview with the defendant. Among other things, the defendant admits that he used his email account to send electronic messages giving the victim's employer and the public false negative reviews of the victim's work performance; he admits to downloading from the internet and using a

call/text spoofing application to contact the victim, the victim's relatives and other individuals; he admits to ordering two GPS tracking devices online and having them delivered through the mail for placement on the victim's motor vehicle; he admits that after placement of one tracking device on the victim's car he tracked the victim's movements with his ipad and physically followed her; and he described the intent of his actions.

      The information provided in the indictment, in the affidavit in support of the application for the search warrant, and in the report detailing the defendant's statement to agents makes it highly unlikely there will be any prejudicial surprises at trial. Accordingly, the Government respectfully requests this Court deny defendant Angeli's request that the Government be ordered to produce a bill of particulars.

                                       Respectfully submitted,

                                         <u>/s/ Jenny P. Roberts</u>
                                         JENNY P. ROBERTS
                                         Assistant U.S. Attorney
                                         235 N. Washington Ave, Suite 311
                                         P.O. Box 309
                                         Scranton, PA 18501

Dated: September 15, 2017

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that on September 15, 2017, she served a copy of the attached:

# RESPONSE TO BILL OF PARTICULARS

by electronic filing to Christopher Powell, Esquire, counsel for Anthony Frank Angeli, Jr.

/s/ Jenny P. Roberts
JENNY P. ROBERTS
Assistant U.S. Attorney
William J. Nealon Federal Building
235 N. Washington Avenue, Suite 311
Scranton, PA 18503
(570)348-2800