## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | **CASE NO. 3:17-CR-257** |
| | : | |
| v. | : | **(JUDGE MANNION)** |
| | : | |
| | : | |
| **ANTHONY FRANK ANGELI, JR.** | : | |
| | : | |
| **Defendant** | : | |

### **MEMORANDUM**

Pending before the court is defendant Anthony Angeli's motion for a bill of particulars pursuant to Federal Rule of Criminal Procedure 7(f). (Doc. 11). The government has filed a brief in opposition to the defendant's instant motion. (Doc. 13). This matter has been fully briefed and is now ripe for disposition. For the following reasons, the defendant's motion for a bill of particulars will be **DENIED**.

On August 29, 2017, a grand jury for the Middle District of Pennsylvania issued a single-count indictment against Angeli in the above-captioned case. (Doc. 1). Angeli is alleged to have violated 18 U.S.C. §2261A(2)(B), which is part of the federal stalking statute. Angeli now contends that a bill of particulars is necessary for him "to adequately prepare a defense, avoid surprise, or avoid later risking double jeopardy." (Doc. 11-1, at 3).

In his motion, Angeli argues that the indictment is "vague and ambiguous regarding key elements of the crime and how it was committed," and he specifically requests the government's "means of knowing how" he committed the charged crime. (*Id.* at 2). The government has opposed the motion, asserting that the indictment in this case places Angeli on sufficient notice of the charges against him and that Angeli was furnished with two additional documents specifying the circumstances surrounding his indictment in greater detail. (Doc. 13, at 3-4).

A "sufficient" indictment "must contain all the elements of a crime and adequately apprise the defendant of what he must be prepared to meet." *United States v. Moyer*, 674 F.3d 192, 203 (3d Cir. 2012) (citing *Russell v. United States*, 369 U.S. 749, 763-66 (1962)). "When the indictment itself is too vague and indefinite for such purposes, a bill of particulars is warranted." *Id.* (citing *United States v. Addonizio*, 451 F.2d 49, 64 (3d Cir.1971)). The purpose of a bill of particulars is "to inform the defendant of the nature of the charges brought against him to adequately prepare his defense, to avoid surprise during the trial, and to protect him against a second prosecution for an inadequately described offense." *Addonizio*, 451 F.2d at 63-64 (quoting *United States v. Tucker*, 262 F.Supp. 305, 308 (S.D.N.Y. 1966)). The

decision to grant a motion for a bill of particulars is a "discretionary matter with the trial court." *Id.* at 64.

The Third Circuit has noted that an indictment charging a statutory crime will be sufficient if it substantially tracks the language of the criminal statute, provided that its generality does not prejudice a defendant in preparing his defense nor endanger his constitutional guarantee against double jeopardy. *See id.* at 58 n.7. The Third Circuit has also emphasized that the need for a bill of particulars diminishes even further in situations where the government supplements the indictment with substantial discovery documents. *See United States v. Urban*, 404 F.3d 754, 772 (3d Cir. 2005). "In ruling on a request for a bill of particulars, the court should consider all information that has been disclosed to the defendant in the course of the prosecution, whether or not included in the indictment." *United States v. Hayes*, 2007 WL 3085998, at *1 (M.D. Pa. Oct. 19, 2007) (citing *United States v. Kenny*, 462 F.2d 1205, 1212 (3d Cir. 1972)). With the foregoing considerations in mind, the court will deny Angeli's motion for a bill of particulars.

Here, the indictment substantially tracks the language of the stalking statute under which Angeli was charged.[1] (Doc. 1). This puts Angeli on sufficient notice of the elements of the crime he was charged with and allows him ample opportunity to prepare his defense to said crime. The indictment further alleges that Angeli committed the crime in violation of a civil protection from abuse order, giving Angeli notice of the potential for an enhanced penalty. (*Id.*). The indictment also sets forth the approximate dates during which the government alleges that Angeli committed the crimes charged, furnishing Angeli with additional factual details for developing a defense. (*Id.*).

Moreover, the government represents that "a lengthy affidavit supporting a search warrant application and a report detailing the defendant's statement to law enforcement agents" was "hand delivered to defense counsel's office" on the day after the present motion was filed. (Doc. 13, at 2). The affidavit purportedly includes "quotes from some of the harassing text messages and

---

[1] Specifically, the indictment states that "[w]ith the intent to harass and intimidate another person, and to place under surveillance with intent to harass and intimidate another person, [Angeli] used the mail, an interactive computer service, an electronic communication service, and an electronic communication system of interstate commerce to engage in a course of conduct that caused, attempted to cause, and would reasonably be expected to cause substantial emotional distress to that person." (Doc. 1).

email messages sent by the defendant, as well as the exact dates and times they were received" and details regarding the "[t]wo separate tracking devices placed on the victim's motor vehicle." (*Id.* at 4). The report purportedly includes Angeli's statements during an FBI interview where he admits that he published "false negative reviews of the victim's work performance," used a "call/text spoofing application to contact the victim," ordered "two GPS tracking devices . . . for placement on the victim's motor vehicle," tracked "the victim's movements with his iPad," and "physically followed [the victim]." (*Id.* at 4-5).

Taken together, the information provided in the indictment, the affidavit in support of the search warrant application, and the report detailing Angeli's statement to federal agents renders it highly unlikely that prejudicial surprises will result at trial. Nothing on these facts suggests that Angeli will be inhibited in his ability to prepare an adequate defense or to invoke the Double Jeopardy Clause. Accordingly, Angeli's motion for a bill of particulars will be **DENIED**. A separate order shall issue.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Date: October 13, 2017**

O:\Mannion\shared\MEMORANDA - DJ\CRIMINAL MEMORANDA\2017 CRIMINAL MEMORANDA\17-257-01.docx