**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| | : | Docket No. 3:17-CR-257 |
| v. | : | |
| | : | (Mannion, J.) |
| ANTHONY FRANK ANGELI, JR. | : | |
| | : | |
| Defendant | : | |

___

# MOTION FOR LEAVE TO WITHDRAW AS COUNSEL

NOW COMES, the undersigned, Ernest D. Preate, Jr., Esquire and herein Motions this Court for Leave to Withdraw his appearance as counsel for the Defendant, Anthony Frank Angeli, Jr., and in support thereof states as follows:

1. On August 29, 2017, a federal grand jury returned a one-count Indictment against the Defendant charging him with Stalking as defined under 18 U.S.C. §2261A.

2. The Defendant had initially pleaded not guilty but after reviewing discovery and discussing the case at length with undersigned counsel, he eventually changed his plea to guilty and entered the same before the Court on the record on February 8, 2018.

3. Shortly after the guilty plea was entered attempts to reach the Defendant became increasingly more difficult.

4. Repeated telephone calls were made to the Defendant in order to schedule office and/or telephone appointments to discuss sentencing strategy. Most of those telephone calls went unanswered. Those calls that the Defendant did accept resulted in Defendant stating that he was too busy to come into the office, was out of the area, and too busy to talk on the phone. He then hung up the telephone.

5. Importantly, on November 30, 2017 this Honorable Court entered an Order modifying the conditions of Defendant's release pursuant to 18 U.S.C. §3142 (c)(3) to include a condition that Defendant undergo mental health counseling and to follow through with all recommendations made for treatment until he was successfully discharged.

6. Undersigned counsel attempted several times thereafter to reach the Defendant to speak with him about the progress of his psychological counseling and treatment with Dr. Antoinette Hamidian of the Aaron Center.  Again, Defendant could not be reached to discuss this important matter.

7. Undersigned counsel personally visited with Dr. Antoinette Hamidian on May 9, 2018 at 2:30 P.M. to discuss and plan a downward departure motion based upon preliminary information and diagnostic findings she had submitted to undersigned on April 10, 2018.

8. During that meeting with Dr. Hamidian on May 9, 2018 it was learned by undersigned that the Defendant was only partially compliant with the Amended Order of November 30, 2017 and had met with Dr. Hamidian only a few times.  Dr. Hamidian confirmed to undersigned counsel on May 9, 2018 that her office had made repeated attempted to contact Defendant Angeli but he refuses to schedule an appointment for the necessary treatment and for compliance with the Court's Order directing psychological counseling.  She is very concerned over his mental well-being as is undersigned counsel.  As such, Dr. Hamidian cannot complete her psychological report for the Court's benefit at the time of sentencing.

9. Also, Defendant Angeli has been resistant to comply with voluntarily turning over his psychiatric records from Dr. Matthew Berger.  As such, the Presentence Report remains incomplete and this Honorable Court cannot be fully informed as to the Defendant's extensive mental health and drug abuse history.

10. Undersigned counsel has implored to Defendant the importance of compliance with the Court Order directing mental health counseling, but Defendant Angeli refuses to accept telephone calls and advice.

11. Defendant mentioned in one brief call on April 9, 2018 that he was considering withdrawing his guilty plea. Undersigned counsel sent a lengthy email to Defendant on April 9, 2018 outlining the folly of that. Undersigned counsel's email detailed what a Motion for Downward Departure was and how it would be substantiated through the testimony of Dr. Antoinette Hamidian and Dr. Matthew Berger due to his long history of abuse of steroids and prescription drugs, including painkillers, long before the charge against him arose.

12. On May 6, 2018 Defendant's sister, Donna Angeli, sent an email to undersigned counsel concerning submitting a character reference letter for her brother.

13. On May 7, 2018 undersigned counsel responded to Donna Angeli's email of May 6, 2018. Immediately thereafter, Donna Angeli withdrew her character reference letter to the Court on behalf of her brother since she was not fully informed by Defendant Angeli of the facts of his case and/or he misrepresented the facts to her.

14. Following the emails sent by Defendant's sister dated May 6, 2018 and the meeting at Dr. Hamidian's office by undersigned counsel on May 9, 2018, undersigned twice attempted to contact the Defendant Angeli by telephone and email; no response was received. Finally, undersigned sent a staff member to visit Angeli's home at 1106 Tennyson Close, Moosic, Pennsylvania on May 10, 2018. He was not home.

15. Then, on Friday May 11, 2018 at 5:18 P.M., after business hours, Defendant Angeli sent an email to undersigned counsel terminating their attorney-client relationship. No explanation or reasons were given. That email was not viewed by undersigned until Monday, May 14, 2018 at

about noon time; shortly thereafter undersigned counsel contact AUSA Roberts and so informed her of the termination.

16. The undersigned also understands that Defendant Angeli has applied for representation by the Federal Public Defender and/or appointment of counsel. A Hearing on the same is scheduled for June 5, 2018 at 2:00 P.M.

17. Undersigned counsel and Defendant Angeli apparently have irreconcilable differences on how to proceed with the further disposition of this case. Defendant Angeli refuses to participate in the preparation of a sentencing memorandum, fails to comply with the November 30, 2017 Court Order for mandatory psychological counseling, and fails to participate in assisting counsel in gathering the necessary witnesses and evidence for the time of sentencing in this matter.

18. Additionally, undersigned counsel and Defendant have a written fee agreement for representation in this matter. Counsel has complied with all the terms and conditions of the fee agreement, but Defendant Angeli has not. As of this date Angeli owes undesigned counsel in excess of $22,000 for more than 112 hours of legal services rendered on Defendant's behalf.

19. Moreover, Defendant's clearly erratic behavior and failure to communicate in any significant manner with counsel concerning his sentencing, together with his May 8, 2018 termination of counsel email, have left undersigned counsel with no choice but to file this Motion for leave to withdraw as counsel.

20. Undersigned counsel motions this Honorable Court to withdraw as counsel for Defendant under Pennsylvania Rule of Professional Responsibility 1.16 for the following reasons:

    A. Undersigned counsel has been discharged by Defendant;

      B.      Defendant has failed substantially to fulfill his financial obligation to the lawyer and to cooperate with his lawyer and Dr. Hamidian concerning his upcoming sentencing, and Defendant has been given reasonable warning that the lawyer will withdraw unless the obligation of cooperation is fulfilled; and

      C.      The representation of Defendant will not only result in an unreasonable financial burden on the lawyer but the further representation of Defendant has been rendered unreasonably difficult by the Defendant's conduct.

21. As a result of all of the above, undersigned counsel is at a loss to effectively represent Defendant.

22. The ends of justice will be served by granting this request.

WHEREFORE, for all the above reasons, undersigned counsel respectfully requests this Honorable Court grant this request to withdraw as Defendant's counsel in the above pending criminal matter.

Respectfully submitted,

By: **/S/Ernest D. Preate, Jr., Esquire**
Ernest D. Preate, Jr., Esquire
204 Wyoming Avenue, Second Floor
Scranton, PA 18503
570.558.5970

Dated: May 23, 2018

# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| | : | Docket No. 3:17-CR-257 |
| v. | : | |
| | : | (Mannion, J.) |
| ANTHONY FRANK ANGELI, JR. | : | |
| | : | |
| Defendant | : | |

## CERTIFICATE OF NON-CONCURRENCE

NOW, this 23rd day of May, 2018, counsel for the Government, Assistance U.S. Attorney Jenny P. Roberts indicated to counsel for the Government that she objects to Attorney Ernest D. Preate, Jr.'s, Motion to Withdraw as Counsel for Defendant, Anthony Frank Angeli, Jr.

Date:  May 23, 2018                                 */S/Ernest D. Preate, Jr., Esquire*
                                                     Ernest D. Preate, Jr., Esquire

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| | : | Docket No. 3:17-CR-257 |
| v. | : | |
| | : | (Mannion, J.) |
| ANTHONY FRANK ANGELI, JR. | : | |
| | : | |
| Defendant | : | |

**ORDER**

**NOW, UPON CONSIDERATION** of the Motion for Leave to Withdraw as Counsel, it is hereby ORDERED and DECREED that the relief is GRANTED Ernest D. Preate, Jr., Esquire, is allowed to withdraw his appearance on behalf of the Defendant in the above matter.

BY THE COURT:

Dated _____        _____
                                  MALACHY E. MANNION
                                  U.S. DISTRICT JUDGE